UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN JAVIER H.R.,[1]<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-09448-TLN-CSK<br>A# 203-642-930<br>**ORDER** |

This matter is before the Court on pro se Petitioner Cristian Javier H.R.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondent filed an opposition.[2] (ECF No. 6.) For the reasons set forth below, the Petition is GRANTED and Respondent is ordered to IMMEDIATELY RELEASE Petitioner.

This Order does not reach the November 18, 2026 order granting voluntary departure, nor does it relieve Petitioner of his obligations under that order and the potential consequences for failing to depart by the deadline.

---

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Respondent also asks this Court to lift its Order not to transfer Petitioner out of this District during the pendency of this case. (ECF No. 6 at 1.) That request is now moot given the Court's grant of relief herein.

## I. Factual Background

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner entered the United States without inspection approximately seven years ago. (ECF No. 1 at 6.) Petitioner has a U.S. citizen daughter for whom he cares. (*Id.*) She is two years old. (*Id.*) Neither party contends Petitioner has any criminal history. (ECF No. 1; ECF No. 6.)

On September 30, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner while he was at work. (ECF No. 1 at 5, 6.) On November 18, 2026, an immigration judge issued an order granting voluntary departure. (ECF No. 6-1.) By that order, Petitioner must depart the country by December 18, 2026. (*Id.*)

Respondent states Petitioner is detained under 8 U.S.C. § 1226(a) and contends continued detention is warranted given the voluntary departure order. (ECF No. 6.) Petitioner has now been detained for nearly two months without notice, an initial custody determination, or any hearing.[3] (*See* ECF No. 1; ECF No. 6.) Petitioner alleges his detention violates the Immigration and Nationality Act ("INA") and his Fifth Amendment procedural due process rights. (ECF No. 1. at 6.) Respondent makes no argument that Petitioner has received adequate procedural protections. (ECF No. 6.)

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas

[3] On November 18, 2026, the Court ordered Respondent to provide certain records with their response to the Petition, including any warrant, initial custody determination, or bond order for Petitioner. (ECF No. 4-2.) The Court warned that it would draw an adverse inference if the records were not produced and no explanation was provided for their absence. (*Id.*) Respondent has not filed the records and provides no explanation. (ECF No. 6.) Thus, the Court finds that Petitioner was arrested without an administrative warrant and has not received an initial custody determination or custody redetermination hearing (the documents required by the Standing Order).

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Analysis

This Court finds that Respondent violated Petitioner's due process rights for failure to comply with 8 U.S.C. § 1226(a) and failure to provide notice or a custody hearing "at a meaningful time and in a meaningful manner." *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### A. Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be

strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has established a life in the United States over the last seven years and has started a family. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. Respondent does not make any argument in opposition. (ECF No. 6.)

With a clear liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

B. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondent's actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for nearly two months without any opportunity to be heard as to the justification of his detention, separated from his family, and unable to work. Petitioner's private interest may be diminished slightly because he agreed to voluntary departure, but he is entitled to depart of his own accord and, as discussed above, an agreement to leave the country does not extinguish Petitioner's liberty while he is here. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. "The government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Respondent makes no argument that Petitioner is a danger to the public or a flight risk. (ECF No. 6.) Nor is there any argument or evidence before the Court that Petitioner has any criminal history. Therefore, the risk that he was detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Moreover, on the record before this Court, Respondent failed to provide the procedural safeguards statutorily owed to Petitioner under 8 U.S.C. § 1226(a). Respondent concedes Petitioner's detention is governed by § 1226(a), yet, despite Petitioner's claims that Respondent violated the INA, Respondent provides no argument that Petitioner received adequate process. (*See* ECF No. 6.) Indeed, Respondent does not respond to Petitioner's procedural due process claims at all and makes no argument that Petitioner was provided *any* procedural protections. (*Id.*) As discussed above, this Court finds Respondent did not arrest Petitioner with a warrant, confer an initial custody determination, or provide a custody re-determination hearing or pathway to make such a request — all violations of 8 U.S.C. § 1226(a) and its implementing regulations. *See Zurita Navarro* v. *Warden Ctrl. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (enumerating procedural violations of § 1226(a), including "failure to provide the petitioner with an initial custody determination either prior to or contemporaneously with detention," and collecting cases). Consequently, Petitioner has been deprived of the procedural safeguards statutorily required. Thus, the probative value of additional procedural safeguards is high. *R.D.T.M.*, 2025 WL 2617255, at *4.

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-

TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under 8 U.S.C. § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's liberty interest and the risk of erroneous deprivation. Moreover, Respondent makes no argument that the government's interest in Petitioner's removal is effectuated by his continued detention. If Petitioner must voluntarily depart of his own accord and expense, he may do so out of custody, with some time to get his affairs in order.

Under the *Mathews* factors, the Court finds the government was required to provide notice and a custody hearing. Petitioner received neither in nearly two months of detention. Petitioner has thus been deprived of an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citing *Grannis v. Ordean*, 234 U.S. 385, 394 (1914))). Therefore, Petitioner is detained in violation of the Fifth Amendment.

## IV. Conclusion

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Further, IT IS HEREBY ORDERED:

1. Respondent must IMMEDIATELY RELEASE Petitioner Cristian Javier H.R. (A# 203-642-930) from custody. At the time of release, Respondent must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions. Respondent must file a **notice of compliance** with this Order **within two (2) court days** of the date of this Order.

2. Respondent is ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to

detention can mitigate that risk. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. In the event Petitioner becomes subject to a final and executable order of removal, Respondent shall provide a minimum of ten-days' written notice of their intent to detain Petitioner for removal prior to detention. Such notice shall not be issued until the removal order becomes final and executable in accordance with 8 U.S.C. § 1231 and 8 C.F.R. § 1241.1.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 2) and Motion to Appoint Counsel (ECF No. 3) are DENIED as moot.

4. The Clerk of the Court is directed to serve this Order on the **California City Detention Center**, enter judgment in favor of Petitioner, and close this case.

IT IS SO ORDERED.

DATE: November 23, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE